United States District Court
Middle District of Florida
Tampa Division

**CYNTHIA ROSAS AMIEL,**

    *Plaintiff,*

v.                                         NO.   8:20-cv-1658-PDB

**ACTING COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

# Order

The Court reversed the decision of the Acting Commissioner of Social Security denying Cynthia Amiel's application for disability insurance benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Doc. 31. Amiel now requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of **$4,239.12** in attorney's fees. Doc. 33. The Acting Commissioner has no opposition. Doc. 33 at 3.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in a case against the United States, (2) she timely requested fees, (3) her net worth did not exceed $2 million when she filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2). The first three conditions are satisfied here. As to the fourth condition, Amiel contends the Acting Commissioner's position was not substantially justified, Doc. 33 at 1, and the Acting Commissioner has not tried to satisfy her burden of showing

otherwise. As to the fifth condition, no equitable consideration is apparent or presented that would make an EAJA award unjust.

The fee applicant must show the requested rates and claimed hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). A fee award under the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished," but it must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

Here, the fee request is based on 19.9 hours of work by Chantal Harrington, Esquire. Doc. 33 at 2; Doc. 33-2. Amiel requests an hourly rate of $207.78 for work done in 2020 and $213.74 for work done in 2021 and 2022. Doc. 33 at 2.

The requested rates and hours claimed are reasonable. The rates are within the prevailing market rates for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. Although Amiel provides no evidence for this finding, the Court is familiar with Ms. Harrington's skills, experience, and reputation from her many appearances in social-security cases. The increase in the cost of living from 1996 to when the lawyers worked on the case justifies an upward adjustment from $125. *See* U.S. Dep't of Labor, Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0 (last visited May 26, 2022). None of the work appears clerical, secretarial, unnecessary, or otherwise excludable. *See* Doc. 33-2.

The Court leaves to the Acting Commissioner's discretion whether to accept Amiel's assignment of EAJA fees, *see* Doc. 33 at 2; Doc. 33-1, after determining whether she owes a federal debt.

Because Amiel is eligible and the requested attorney's fees are reasonable, the Court **grants** the motion, Doc. 33, **awards** her **$4,239.12** in attorney's fees, and **directs** the Clerk of Court to enter judgment in favor of Cynthia Amiel and against the Acting Commissioner of Social Security for $4,239.12 in attorney's fees.

**Ordered** in Jacksonville, Florida, on May 26, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

3